IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SAMMY L. WASHINGTON JR. | § | |
| v. | § | CIVIL ACTION NO. 6:10cv6 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Sammy Washington, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of the computation of his sentence. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Washington complains that he has not been awarded all of the good time credits to which he is entitled as a result of finishing a GED program in 1994. He stated that he should have an additional 850 days of good time credits, and that if he had these, he would be eligible for release. The Respondent was ordered to answer the petition and filed a response stating that Washington's claims were time-barred and that he had not exhausted his available state remedies, in that he had completed the TDCJ time credit dispute resolution procedures but had not sought state habeas corpus relief. Washington filed a response to the answer saying that his claims are not time-barred and that he exhausted his state remedies because he filed a time credit dispute resolution form. Washington points to an excerpt from the TDCJ inmate orientation handbook saying that inmates may seek habeas corpus relief once the time credit dispute resolution process is completed.

1

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed without prejudice for failure to exhaust state remedies. The Magistrate Judge observed that the excerpt to which Washington pointed referred to the *state* habeas corpus procedures, and noted that this process must also be completed before all available state remedies have been exhausted. Because Washington has not done so, he has failed to exhaust his state remedies.

Washington filed objections to the Magistrate Judge's Report on August 16, 2010. In his objections, Washington says that he is currently under psychiatric treatment and is heavily medicated, and he has not had any legal help since being transferred to the Connolly Unit. He asks that the Court allow his case to continue because he would have reached his minimum discharge date if the time credits were awarded to him. Washington's objections make no mention of exhaustion, which is the basis of the Magistrate Judge's recommendation.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice for failure to exhaust state remedies. It is further

ORDERED that the Petitioner Sammy Washington is hereby DENIED a certificate of appealability *sua sponte*. The denial of the certificate of appealability refers only to an appeal of this case, and shall have no effect upon the Plaintiff's right to exhaust his state remedies, nor to refile his petition in federal court in the event that the state procedures do not afford him relief. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 20th day of September, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**